IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VINCENT TUZZOLINO**

**Plaintiffs,**

                                                                          CIVIL ACTION
                                                                          FILE NO.:

**v.**

**RETRIEVAL MASTERS CREDITORS
BUREAU, INC**

   **Defendant.**

_____/

## COMPLAINT

Plaintiff brings this action against Defendant, on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

     This action arises out of the facts and circumstances surrounding phone calls and unlawful contact made by Defendant (who used an ATDS or "auto dialer") to call the Plaintiff's cell phone, against the wishes and directives of Plaintiff and in a manner contrary to both state and federal law. Plaintiff, an individual and consumer, institutes this action for actual and statutory damages against the defendant and the costs of this action against Defendant, who is a debt collector, for violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 47 U.S.C. 227 et seq.

     Plaintiff alleges that Defendant called Plaintiff's cell phone repeatedly, with the use of an automated telephone dialing system in the four years prior to the institution of the original action, without the express consent of Plaintiff. Plaintiff further alleges that Defendant continued to call Plaintiff's cell phone repeatedly, with an automated telephonic dialing system without Plaintiff's consent and against Plaintiff's instructions to the contrary despite the fact that Defendant was aware of Plaintiff's cease and desist instructions, including those given on January 19, 2015. Defendant would leave automated

messages on Plaintiff's phone and Plaintiff would hear clicks and significant delays if the call connected, all of which evidence the use or potential use of an automated dialer.

In addition, Plaintiff seeks to recover for statutory damages under 15 U.S.C. 1601 et. seq. and Chapter 559.72(7)of the Florida Statutes, because Defendant continued to contact Plaintiff (including contacting Plaintiff's cell phone with an automated telephonic dialing system)and said contact on the part of Defendant was also contrary to Plaintiff's cease and desist instructions as Defendant knew that Plaintiff instructed Defendant to stop calling Plaintiff's cell phone, yet Defendant chose to contact Plaintiff without regard to Plaintiff's lawful rights, with an intent to annoy and harass Plaintiff.  In fact, Defendant continued to call Plaintiff's phone(s), including cell phone(s), with even after Plaintiff specifically told Defendant to stop calling and also even after Plaintiff put his cease and desist instructions in writing to Defendant and even after Defendant was on actual notice that Plaintiff did not wish to receive any more calls, including automated calls from Defendant.

## II. PARTIES

1. Plaintiff is a natural person and consumer residing in Hillsborough County, Florida.

2. Defendant is a foreign for profit corporation, accountable under the TCPA, 15 U.S.C. 1601, et. seq. as well as Chapter 559 of the Florida Statutes and Defendant is a debt collector.

3. Defendant, a self described "debt collector", was attempting to collect an alleged but unsubstantiated consumer debt against Plaintiff, which gives rise to this action.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C.  1331.

5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Hillsborough County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

## IV. STATUTORY STRUCTURE OF THE TCPA, 15 U.S.C. 1601 and Chapter 559 of the Florida Statutes

6. The Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") amended the Federal Communications Act 47 U.S.C. 151, et seq. ("FCA") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.  Likewise, 15 U.S.C. 1601 and Chapter 559 of the Florida Statutes are designed to protect consumers from unwanted harassment at the hands of debt collectors and Defendant is not exempt from 15 U.S.C. 1601 and Chapter 559 of the Florida Statutes.

7. Under the TCPA "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

(A)     to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B)     to dial such numbers.

See, 47 U.S.C.  227 (a)(1).

8. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

9. Under the TCPA, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

(A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater,  or

(C)     both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C.  227 (b)(3).

## V. FACTUAL ALLEGATIONS

10. During the 48 months prior to the filing of the original complaint, Defendant called Plaintiff's cellular telephone without Plaintiff's express consent using an automated telephone dialing system to make the offending calls to Plaintiff's cell phone which ends in 4387.

11. Plaintiff is the "sole subscriber, owner, possessor, and operator of" her cellular telephone.

12. During the 48 months prior to filing the instant action, Plaintiff received multiple and repeated calls from Defendant, who used an automated dialing system to call Plaintiff's cell phone repeatedly, even after Defendant was instructed to stop calling Plaintiff. Each call Defendant made to Plaintiff's cellular phone was done so without the "express permission" of Plaintiff.  If, assuming arguendo, Defendant ever had Plaintiff's permission to call his cell phone, such permission was revoked by his notice to Plaintiff to cease and desist contacting him.

13. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

14. Upon information and belief, the telephone calls were placed by Defendant to Plaintiff's cellular telephone using automated telephone dialing equipment, without human intervention, which was evident by not only the "clicks" and prolonged delays but also by Defendant's use of automated messages on Plaintiff's cell phone.

15. Accordingly, upon information and belief, each call Defendant made to Plaintiff was made using an "automatic telephone dialing system" that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. §227(a)(1).

16. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer or Defendant to remove the incorrect number.

17. Defendant's corporate policy and procedures provided no means for Plaintiff to have his cellular telephone number removed from the call list.

18. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff. Further, Defendant keeps call logs and account notes that detail with particularity the calls Defendant made to Plaintiff, yet as of this date, Defendant has failed, refused and/or neglected to provide this documentation and Defendant has ready access to this documentation.

19. Defendant's calls to Plaintiff's cell phone using an automatic dialing system intentionally and repeatedly, without express permission, were in total disregard of Plaintiff's lawful rights under the TCPA and well as Chapter 559 of the Florida Statutes and 15 U.S.C. 1601.

## VI. TCPA VIOLATIONS

20. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one through nineteen. The Defendant's violations of the TCPA include, but are not limited to, the following:

21. The actions of the Defendant individually and collectively violated the TCPA by way of Defendant using automated telephonic dialing systems to call Plaintiff's cell phone without Plaintiff's express consent.

22. By the Defendant calling the Plaintiff's phone without express consent and in direct violation of Plaintiff's instructions and by Defendant using an automated telephone dialing system to make the offending calls, even after Plaintiff requested that Defendant no longer contact his via cell phone, Defendant violated the TCPA. 47 U.S.C. 227.

23. By the Defendant calling the Plaintiff's phone without consent and expressly against the directive that Plaintiff issued to Defendant, Defendant violated the TCPA. 47 U.S.C. 227.

## VII.  Violations of 15 U.S.C. 1601 et. seq.

24. Plaintiff re-alleged and incorporated paragraphs above set forth above.

25. These same complained of actions (as alleged above, including but not limited to paragraphs 1 to 15) on the part of Defendant (repeated contact with Plaintiff after Defendant had actual knowledge of Plaintiff's cease and desist) constitutes a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1601 generally, and 15 U.S.C. 1692(c), 15 U.S..C. 1692 (d) and is further liable for attorney fees and costs under 15 U.S.C. 1692(k), because Defendant continued to contact Plaintiff after being advised that such contact was against Plaintiff's the wishes and directives of Plaintiff, in a manner designed to harass or annoy Plaintiff and to disregard the lawful rights of Plaintiff by calling Plaintiff's phone and causing it to ring repeatedly with the intent to harass and/or annoy Plaintiff.

26.  Indeed, Plaintiff advised Defendant to stop calling Plaintiff's cell phone and that Plaintiff did not wish to receive any more calls or even written contact from Defendant, yet Plaintiff continued to be contacted by Defendant (post cease and desist instruction), who intended to harass and or annoy Plaintiff and by disregarding the rights of Plaintiff under the law, and continuing to contact Plaintiff in regards to an alleged consumer debt and causing Plaintiff's phone to ring repeatedly.

### VIII. Violations of Chapter 559 of the Florida Statutes.

27. Plaintiff re-alleges and re-incorporates paragraphs above.

28. Again, Plaintiff advised Defendant during the course of Defendant's contact with Plaintiff that Plaintiff no longer wanted Defendant to contact him and that Plaintiff did not want to receive any more calls from Defendant.

29.  Defendant ignored Plaintiff's request and cease and desist instructions which were given to Defendant and Defendant continued to contact Plaintiff (post cease and desist instruction), in disregard of Plaintiff's rights.

30.  Defendant's conduct and disregard of Plaintiff's rights and Defendant's decision to continue contacting Plaintiff after being advised not to do so, constituted and intentional disregard for Plaintiff rights under Florida law, including Chapter 559.72(7)of the Florida Statutes.

### Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to TCPA 47 U.S.C. 227 (b)(3);

(2) Statutory damages pursuant to TCPA 47 U.S.C. 227 (d)(3); and under 15 U.S.C. 1601 as well as Chapter 559.77 of the Florida Statutes;

(3) Fair and reasonable costs of this action, court costs and attorney's fees, where provided for by law;

(4) Such other and further relief that the Court deems just and proper.

**s/ W. John Gadd**
W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com